Smith v New York City Tr. Auth. (2025 NY Slip Op 04590)

Smith v New York City Tr. Auth.

2025 NY Slip Op 04590

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-11961
 (Index No. 3844/11)

[*1]Lilis Smith, appellant, 
v
New York City Transit Authority, respondent.

G. Wesley Simpson, P.C., Brooklyn, NY, for appellant.
Anna J. Ervolina, Brooklyn, NY (Theresa Frame of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated September 5, 2023. The order, insofar as appealed from, denied the plaintiff's application, in effect, to compel the defendant to provide full responses to the plaintiff's post-examination before trial demand for discovery and inspection.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied the plaintiff's application, in effect, to compel the defendant to provide full responses to the plaintiff's post-examination before trial demand for discovery and inspection is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2011, the plaintiff commenced this action against the defendant to recover damages for personal injuries. On May 25, 2023, the plaintiff served the defendant with a post-examination before trial (hereinafter EBT) demand for discovery and inspection. On May 26, 2023, the plaintiff moved pursuant to CPLR 2004 to extend the time to file a note of issue on the ground that discovery was not yet complete. On July 28, 2023, the defendant served a response to the plaintiff's post-EBT demand for discovery and inspection and opposed the plaintiff's motion, arguing that the motion was now academic. In reply, the plaintiff, in effect, made an application to compel the defendant to provide full responses to her post-EBT demand for discovery and inspection, arguing that the response provided by the defendant was inadequate. In an order dated September 5, 2023, the Supreme Court granted the plaintiff's motion to extend the time to file the note of issue and denied the application, concluding, inter alia, that many of the plaintiff's demands were "irrelevant, overbroad, palpably improper and unduly burdensome." The plaintiff appeals. We affirm, albeit on grounds different from those relied upon by the court.
Under the circumstances, the Supreme Court properly denied the plaintiff's application, in effect, to compel the defendant to provide full responses to the plaintiff's post-EBT demand for discovery and inspection. The plaintiff's application was improperly made for the first time in her reply papers, and moreover, there was no surreply from the defendant (see St. John's [*2]Univ. v Butler Rogers Baskett Architects, P.C., 105 AD3d 728, 728-729).
The plaintiff's remaining contentions are not properly before this Court.
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court